[Cite as *State v. Mann*, 2015-Ohio-3151.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | Nos. 14AP-438 and 15AP-74 |
| Zeddrick D. Mann, | : | (C.P.C. No. 12CR-2254) |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on August 6, 2015

*Ron O'Brien,* Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Todd W. Barstow*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Zeddrick D. Mann is appealing from his convictions in common pleas court and from the refusal of the judge to grant him another trial. He assigns two errors for our consideration:

> I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF POSSESSION OF DRUGS AND HAVING WEAPONS UNDER DISABILITY AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL.

{¶ 2} Mann was visiting Columbus. He and his wife had rented a suite of rooms at an extended stay facility called Hawthorn suites. He was present in the rooms when police arrived and conducted a search. Mann told police that everything in the rooms belonged to him.

{¶ 3} The search resulted in police finding a garbage bag full of marijuana, a smaller bag of marijuana, a baggie of cocaine, a digital scale and two firearms. The garbage bag of marijuana had the marijuana packaged in smaller portions. The obvious inference was that someone was selling marijuana from the suite of rooms—hence, the digital scale to weigh marijuana and smaller portions to be weighed and sold.

{¶ 4} Since other men were in the room at the time police approached, the question became who was possessing and selling the marijuana. As mentioned earlier, Mann told police that everything in the rooms was his.

{¶ 5} At the jury trial of his case, Mann clarified or changed that statement to indicate that the "everything" he was referring to did not include the controlled substances or the firearms. He claimed that he did not know of the cocaine, marijuana or firearms found during the search.

{¶ 6} Mann's fingerprint was found on the cover for the digital scale. Mann's wife testified at the trial that she and her husband slept in the first floor bedroom of the suite. One of the two firearms was found lying on the bed in that bedroom. The baggie of cocaine was found in a desk drawer in that bedroom. A small baggie of marijuana was found in plain view on the kitchen table in the suite of rooms.

{¶ 7} Mann himself testified that when he returned to the rooms from visiting family in the Columbus area, a cousin and two other men were in the rooms. The rooms smelled of marijuana smoke.

{¶ 8} DNA testing on the firearms found in the rooms indicated that Mann had not touched the firearm found in the upstairs bedroom. The test results as to the firearm found on the bed in the bedroom shared by Mann and his wife were the subject of much controversy, but the results did not exclude Mann as someone who had touched that

firearm.   The forensic expert for Columbus Crime Laboratory, Amoreena Pauley, so testified at the trial.

{¶ 9}   Later, the Columbus Police crime lab modified its standards for reports when the DNA results indicated that more than one person had touched an object.   This modification, which occurred after Mann had been convicted, meant that the DNA results would have been reported as "uninterpretable" in future such testing.

{¶ 10} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).   In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict.   Id.   "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979).   The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact.   *Jenks* at 273.   If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant.   *See Thompkins* at 387.

{¶ 11} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence.  *Thompkins* at 387.   In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' "  *Id.* (quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983)); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995).   Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' "  *Thompkins* at 387.

{¶ 12} As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] [*DeHass*, 10 Ohio

St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996). It was within the province of the jury to make the credibility decisions in this case. *See State v. Lakes*, 120 Ohio App. 213, 217 (1964) ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")

{¶ 13} *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991) (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 14} Mann was convicted of possessing the marijuana which was in plain view when police arrived. He was convicted of a firearm specification based upon the firearm found sitting on the bed he shared with his wife in the bedroom they shared. He had told police that everything in the rooms was his. His later modification of his claim might have been credible as to items not in plain view, such as the cocaine in the desk drawer of the bedroom on the first floor and the gun in the upstairs bedroom. His claim at trial that he did not mean to include the garbage bag of marijuana and the firearm on the bed was a claim the jury could readily disbelieve.

{¶ 15} The evidence was sufficient to support a jury verdict of guilty as to the possession of the marijuana and as to the possession of the firearm, both in the context of a firearm specification and in the context of a possessing a firearm under disability charge. The convictions on those charges was in accord with the weight of the evidence based on the evidence outlined above.

{¶ 16} The first assignment of error is overruled.

{¶ 17} The testimony about the DNA evidence as to the firearm in the first floor bedroom could not have had a material impact on the verdicts. The DNA testimony never indicated that Mann had touched the firearm. The testimony merely transitioned from "Mann just cannot be excluded as a contributor [of DNA]" (Tr. 325) to "Q. Do these results mean that he did not touch the gun? A. I really can't say that" (Tr. 326)—both meaning we cannot know if Mann touched the gun based upon DNA samples.

{¶ 18} His convictions regarding the firearm were based upon where the firearm was found and his claim of ownership. The DNA evidence was basically immaterial, especially since it never indicated Mann did or did not touch the firearm.

{¶ 19} The trial court judge was well within his discretion to refuse to grant a new trial based upon the crime lab's change of reporting mechanisms.

{¶ 20} The second assignment of error is overruled.

{¶ 21} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

————————————